The STATE of Ohio, Appellee,

v.

MYNHIER, Appellant.

[Cite as *State v. Mynhier* (2001), 146 Ohio App.3d 217.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000849.

Decided Sept. 28, 2001.

■

■

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Emma Poiry,* Assistant Prosecuting Attorney, for appellee.

*Roger W. Kirk,* for appellant.

HILDEBRANDT, Presiding Judge.

Defendant-appellant, Larry Mynhier, appeals the decision of the Hamilton County Court of Common Pleas revoking his community control and imposing consecutive sentences. For the following reasons, we affirm in part, reverse in part, and remand for resentencing.

Mynhier was indicted on six counts of sexual battery, a third-degree felony, in violation of R.C. 2907.03(A)(5). Pursuant to a plea agreement, Mynhier entered a guilty plea to three counts of sexual battery, and the remaining three counts were dismissed. Honoring the agreed sentence, the trial court sentenced Mynhier to five years of community control on each count and, as a condition of community control, to six months in the Hamilton County Justice Center on each count, to be served concurrently. At the sentencing hearing, the trial court ordered, as an additional condition of community control, that Mynhier have no "physical, visual, telephone, and written contact" with the victim, his stepdaughter, or his family. This condition appeared in the judgment entry sentencing Mynhier to community control and was also in the document entitled "supplemental rules [of community control]."

On November 20, 2000, following a community-control-revocation proceeding, Mynhier was found guilty of violating the condition of community control prohibiting him from having contact with his stepdaughter. Mynhier had contact with his stepdaughter twice by telephone and once by mail. The trial court revoked Mynhier's community control and sentenced Mynhier to a one-year prison term on each underlying conviction, to be served consecutively. In this appeal, Mynhier now raises three assignments of error for our review. We also review, as assignments of error, the two issues discussed in the supplemental briefs that have been filed by order of this court.[1]

1. This court directed the parties to file supplemental briefs on the issues of whether the trial court properly imposed prison terms for the community-control violation pursuant R.C. 2929.15(B), and whether the court made the statutorily required findings prior to ordering that the prison terms be served consecutively.

In his first assignment of error, Mynhier contends that the trial court denied him due process of law under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution by revoking his community control without requiring the probation department to follow the mandate of R.C. 2301.30(A), which requires the department to "[f]urnish to each person on probation * * * under its supervision or in its custody, a written statement of the conditions of probation * * * and instruct him regarding the conditions." Mynhier was charged with violating the conditions of his community control on September 7, 2000, but he did not receive a copy of the written "supplemental rules" of his community control, which contained the condition that he was to have no contact with his stepdaughter, until September 8, 2000. While it can technically be argued that the probation department violated Ohio law by not providing Mynhier with a copy of the supplemental rules prior to charging him with a violation, this did not give rise to a constitutional violation.[2] The touchstone of due process is fundamental fairness.[3] In this case, fairness required notice to Mynhier of the conditions of his community control prior to charging him with a violation of one of those conditions.

A review of the record demonstrates that Mynhier, prior to September 7, 2000, had received notice of the condition that he was not to have any contact with his stepdaughter. The trial court informed him of this condition at his sentencing hearing, and it was also set forth in the judgment entry. On August 10, 2000, his probation officer, Edward Tullius, reviewed and instructed Mynhier on the conditions of his community control, including the condition that he not have contact with his stepdaughter. That same day, Mynhier signed a written statement of the supplemental rules, acknowledging that he had discussed the conditions with his probation officer. Additionally, a copy of the general rules of community control, which included the requirement that Mynhier abide by the supplemental conditions, was left with Mynhier. Because the state complied with due process by providing notice to Mynhier of the pertinent condition, there was no constitutional violation. While there may have been a statutory violation, we hold that Mynhier suffered no prejudice from this error and, thus, that it was harmless. Mynhier never argued at his revocation hearing that he had not received notice of the condition that he not have contact with his stepdaughter. Further, Tullius testified at the revocation hearing that when he spoke with Mynhier in early September regarding the alleged violation, Mynhier admitted that he knew that he was not to have had contact with his stepdaughter. Accordingly, Mynhier's first assignment of error is overruled.

---

2. See *State v. White* (1999), 85 Ohio St.3d 433, 447, 709 N.E.2d 140, 155.

3. See *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.

In his second assignment of error, Mynhier asserts that the trial court denied him due process of law by terminating his community control and imposing a term of incarceration without issuing written findings describing the reasons for the termination. During a final probation-revocation proceeding,[4] a defendant is entitled to procedural due process that includes, among other things, a written statement by the trial court as to the reasons for terminating probation.[5] But, in *State v. Delaney,*[6] the Supreme Court, after expressing its preference for written statements explaining the court's rationale for revocation, held that oral explanations from the trial court that sufficiently inform the defendant as to why his probation is being revoked, while also providing an adequate record for review, satisfy due process.[7] Here, after considering the evidence before it, the trial court made specific findings at the hearing, noting that the evidence was clear that Mynhier knew the conditions of his community control and that Mynhier had violated the condition at issue. The trial court, through its judgment entry, also stated that Mynhier had been informed of the grounds upon which revocation was sought and that he was given the opportunity to submit evidence and explain the violation. Thus, we hold that Mynhier was not prejudiced by the lack of a written statement, because the oral statements of the trial court, combined with the presence of Mynhier at all the proceedings and the provisions of the judgment entry, provided sufficient notice to Mynhier of the basis for the revocation of his community control and further provided this court with an adequate record for review.[8] Accordingly, the second assignment of error is overruled.

In his third assignment of error, Mynhier contends that the trial court erred by failing to afford him the opportunity to speak on his own behalf prior to sentencing. We disagree. Crim.R. 32(A)(1) provides that "[a]t the time of imposing sentence, the court shall * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." The Ohio Supreme Court has

---

4. As community-control-termination proceedings are similar to probation-revocation proceedings, the procedural due process required in probation-revocation proceedings logically extends to community-control-termination proceedings. See *State v. McKibben* (Nov. 17, 1999), Hamilton App. No. C–990041, unreported, 1999 WL 1488927, fn. 1.

5. *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484; *Gagnon, supra.*

6. (1984), 11 Ohio St.3d 231, 11 OBR 545, 465 N.E.2d 72.

7. *Id.* at 234, 11 OBR 545, 465 N.E.2d at 72.

8. See, generally, *State v. Wright* (Nov. 29, 1995), Hamilton App. No. C–940999, unreported, 1995 WL 699881; *State v. Dandar* (Sept. 4, 1998), Lucas App No. L–97–1368, unreported, 1998 WL 614592.

recently determined that Crim.R. 32(A)(1) confers an absolute right of allocution.[9] Accordingly, if the trial court, prior to imposing sentence, fails to personally address the defendant and ask "whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error."[10]

■ The record in this case reveals that the trial court, while addressing Mynhier's counsel, failed to personally address Mynhier and ask whether he wanted to exercise his right of allocution. We hold, however, that this was harmless error, as Mynhier has not demonstrated any prejudice from the trial court's failure to personally address him. Specifically, Mynhier has not informed us what he would have said to the trial court in mitigation of his offense if he had been given the opportunity to speak. Under these circumstances, we are unable to say that Mynhier suffered prejudice by the trial court's omission and are constrained to hold the error harmless.[11] Accordingly, Mynhier's third assignment of error is overruled.

In Mynhier's fourth assignment of error, raised in his supplemental brief, he contends that the trial court was precluded from sentencing him to prison after revoking his community control, because it had failed to notify him, at the original sentencing hearing, of the specific prison term that could be imposed if he violated his community-control sanction. We are unpersuaded.

■■ Under R.C. 2929.15(B), a trial court has three options for punishing offenders who violate a community-control sanction. The court may (1) lengthen the term of the community-control sanction, (2) impose a more restrictive community-control sanction, or (3) impose a prison term on the offender.[12] If a prison term is imposed upon an offender, the term must be within the range of prison terms available for the offense under R.C. 2929.14, and the sentence "shall not exceed the prison term specified in the notice provided to the offender at the [original] sentencing hearing pursuant to [R.C. 2929.19(B)(5)]."[13] R.C. 2929.19(B)(5) states that when the sentencing court is informing the offender that it may impose a prison term if the offender violates a community-control sanction,

---

9. See *State v. Campbell* (2000), 90 Ohio St.3d 320, 324–325, 738 N.E.2d 1178, 1188–1189; see, also, *State v. Green* (2000), 90 Ohio St.3d 352, 358–359, 738 N.E.2d 1208, 1220–1221.

10. *Campbell*, 90 Ohio St.3d at 326, 738 N.E.2d at 1190.

11. See *State v. McBride* (Jan. 26, 2001), Montgomery App. No. 18016, unreported, 2001 WL 62543; Crim.R. 52.

12. R.C. 2929.15(B); *State v. Brown* (2000), 136 Ohio App.3d 816, 821, 737 N.E.2d 1057, 1060.

13. Although R.C. 2929.15(B) refers to R.C. 2929.19(B)(3), we believe that the reference is a misprint and that the correct reference is to R.C. 2929.19(B)(5).

the sentencing court "shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the [underlying] offense pursuant to [R.C.] 2929.14."

In interpreting these statutes, this court, as well as others, has previously held that notification that a prison term might be chosen from a specific range and imposed for a violation of a community-control sanction complied with R.C. 2929.15(B).[14] A review of this record demonstrates that the trial court advised Mynhier at his plea hearing that if he violated the conditions of his community control, the court could impose a prison term of up to five years on each of his underlying convictions for sexual battery, a third-degree felony. Under R.C. 2929.14(A), the applicable range of sentences for a third-degree felony is one to five years. Accordingly, the trial court notified Mynhier of the appropriate range of prison terms. As Mynhier received notice of the possibility of a prison term for violating his community-control sanction, the trial court was well within its discretion to impose a one-year prison term for each original offense. We perceive no prejudice to Mynhier in the imposition of the shortest prison term available for each offense, as it did not exceed the maximum number of years (five) specified in the notice given at his plea hearing.

Finally, we hold that the trial court complied with R.C. 2929.19(B)(5) when it notified Mynhier, at his plea hearing rather than at the sentencing hearing, that a specific prison term could be imposed if he violated his community-control sanction.[15] The goal of R.C. 2929.19(B)(5) is to clearly put an offender on notice that a possible prison term may be imposed if the offender violates a community-control sanction. The goal was met here when notice was given, both at the plea hearing and in the judgment entry sentencing Mynhier to community control. The judgment entry stated that Mynhier had been informed of the possible maximum prison term that could be imposed if he violated his community-control sanction. Accordingly, we overrule Mynhier's fourth assignment of error.

In his fifth assignment of error, also raised in his supplemental brief, Mynhier argues that the trial court erred in ordering his prison terms to be served consecutively. We agree. This court has held that when a prison term is imposed on an offender who has violated a community-control sanction, the best

---

**14.** See *State v. Craig* (1998), 130 Ohio App.3d 639, 644, 720 N.E.2d 966, 970; *State v. Nutt* (Oct. 19, 2000), Franklin App. No. 00AP–190, unreported, 2000 WL 1537898; *State v. Osborn* (June 26, 2001), Marion App. No. 9–2000–107, unreported, 2001 WL 719579; *State v. Miller* (Dec. 30, 1999), Tuscarawas App. No. 1999–AP–02–0010, unreported, 2000 WL 94448. But, see, *State v. Grodhaus* (2001), 144 Ohio App.3d 615, 761 N.E.2d 80.

**15.** See *State v. Osborn, supra; State v. Miller, supra.*

approach is for the court to sentence the offender anew.[16] Thus, even though in this case the trial court informed Mynhier that it could impose consecutive prison terms for a violation of his community control, the court still had to comply with the relevant sentencing statutes. Prior to ordering that the sentences be served consecutively, the trial court had to find that consecutive sentences were necessary to protect the public from future crime or to punish the offender, and that consecutive sentences were not disproportionate to the seriousness of the conduct and to the danger that Mynhier posed to the public.[17] Further, the court had to find that one of the factors listed in R.C. 2929.14(E)(4)(a) through (c) existed before imposing consecutive sentences. Finally, the court had to provide its reasons for each finding.[18] As the trial court did not make any of the statutorily required findings for imposing consecutive sentences, we sustain Mynhier's fifth assignment of error, vacate the sentences, and remand this cause to the trial court to make the statutorily required findings and provide reasons for those findings. As we have stated that Mynhier should be sentenced "anew," we recommend, although here we found it to be harmless error, that the trial court personally address Mynhier and afford him his right to allocution prior to the resentencing.

In sum, we affirm the revocation of Mynhier's community control, but we vacate the imposition of the consecutive sentences, and remand this case for resentencing with the proper statutory findings and a statement of the supporting reasons for those findings.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

WINKLER, J., concurs.

PAINTER, J., concurs in part and dissents in part.

PAINTER, Judge, concurring in part and dissenting in part.

The majority decides to ignore the plain language of the felony-sentencing statutes concerning a defendant upon whom the trial court imposes community-control sanctions. It ignores the legislature's mandate to inform the defendant of the specific prison term that would be imposed for such a violation. R.C.

---

**16.** *State v. Akins* (Dec. 22, 2000), Hamilton App. Nos. C–000168, C–000169 and C–000170, unreported.

**17.** R.C. 2929.14(E)(4); *State v. Akins, supra.*

**18.** R.C. 2929.19(B)(2)(c); *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.

2929.15(B) states that if a trial court opts to impose a prison term the prison term imposed on the defendant *"shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing * * *."* How much clearer could the legislature be? The statute obviously says what it says.

The majority states as follows: "R.C. 2929.19(B)(5) states that when the sentencing court is informing the offender that it may impose a prison term if the offender violates a community-control sanction, the sentencing court 'shall indicate the *specific prison term* that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the [underlying] offense pursuant to [R.C.] 2929.14.'" (Emphasis added.) The majority opinion then goes on to blithely ignore the statute by judicially legislating the word "specific" out—or just ignoring it.

Courts are not at liberty to ignore the words of the legislature. By doing so, the majority opinion judicially abrogates the legislature's intent. Here, the trial court informed Mynhier of the maximum prison term that could be imposed for the underlying offenses. This was insufficient.

R.C. 2929.15(B) clearly contemplates a distinction between telling a defendant of a specific term and telling a defendant of a potential maximum term. If it meant that notifying the defendant of the maximum term was sufficient, the above language would be superfluous. The legislature's intent was obviously this: the defendant has to be told, "Comply with the terms of the community-control sanctions or you go to jail for _____." Thus, by saying that, if the defendant violates, the most that can be given is what was originally specified; the legislature meant "a deal is a deal—mess up and here's what happens." Had the legislature wished the trial court to merely inform a defendant of the potential maximum, it could have said so. It did not—it said just the opposite.

This court clearly acknowledged the clear mandates of the statute in *State v. Akins*.[19] In that case we stated that a trial court "may not exceed the specific prison term specified in the original notice provided to the offender." We concluded that "the proper practice when imposing community control is to specifically notify the offender at the sentencing hearing or the plea hearing of the possible penalty that may be imposed if he violates the conditions of community control."

Is the majority overruling *State v. Akins?* If so, it needs to be candid and provide the rationale for doing so. Vacillation is the enemy of the orderly administration of justice. We have a duty to the trial courts of this district to

---

**19.** See *State v. Akins* (Dec. 22, 2000), Hamilton App. No. C–000168, C–000169 and C–000170, unreported, 2000 WL 1867378. But, see, *State v. Curtis* (2001), 143 Ohio App.3d 314, 757 N.E.2d 1237.

interpret statutes consistently and to provide direction, so the proper procedures are clear. We did so in *Akins*. (The events of the present case all occurred before *Akins* was decided, so the trial court did not have the benefit of that decision.) Now, a different panel of this court impliedly overrules that case by ignoring the words of the statute. We, thus, fail in our duty to the trial courts.

The statute is clear, and *State v. Akins* is the controlling precedent in this district. I would conclude that because the trial court failed to forewarn Mynhier of the specific prison term it would impose for a violation of the community-control sanction, he could not be sentenced to prison for a violation of the sanction.

I concur in the balance of the majority's opinion.