OPINION
Defendant, John Zakrzewski, appeals from his conviction and sentence for attempted corruption of a minor and pandering obscenity involving minors.
On or about July 16, 2000, Defendant was arrested by Xenia police when he came into town from Toledo, to meet with a fifteen year old girl with whom he had been communicating via the internet. Defendant had made specific arrangements to have sex with the girl. In fact, however, the person with whom he had communicated was an undercover Xenia detective. At the time of his arrest, Defendant had in his possession photographs depicting his six year old daughter performing sex acts upon him.
Defendant was subsequently indicted on one count of attempted corruption of a minor, R.C. 2923.02(A) and R.C. 2907.04(A), and three counts of pandering obscenity involving minors, R.C. 2907.321(A)(5). Pursuant to a plea agreement, Defendant entered guilty pleas to all charges. In exchange, the State agreed to defer to the presentence investigation report with respect to any sentencing recommendation. The trial court subsequently sentenced Defendant to terms of imprisonment totaling twenty-eight months, and classified Defendant as a sexual predator.
On October 18, 2001, we granted Defendant leave to file a delayed appeal. Defendant's appellate counsel subsequently filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, stating that he found nomeritorious issues for appellate review. Counsel did, however, identifyseveral potential errors. We notified Defendant of his appellatecounsel's representations, and afforded him ample time to file a pro sebrief. None has been received. This case is now ready for decision.
As potential error, Defendant's appellate counsel raises the issue of ineffective assistance of trial counsel.
In State v. Sanders (2002), 94 Ohio St.3d 150, the Ohio Supreme Courtobserved:
 "Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, sets forth the standard for judging ineffective-assistance claims. `When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-688, 104 S.Ct. 2064, 80 L.Ed.2d at 693. Furthermore, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Id. at 694, 104 S.Ct. At 2068, 80 L.Ed.2d at 698. See also, State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
 Strickland charges us to `[apply] a heavy measure of deference to counsel's judgment,' 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695, and to `indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' Id. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694."
 The claim that Defendant's trial counsel performed in a deficientmanner rests on the fact that he did not receive probation, or communitycontrol. An examination of both the plea form that Defendant signed,which recites the terms of the plea agreement, and the plea proceedings,reveals that Defendant was not promised probation in exchange for hisguilty pleas. To the contrary, Defendant acknowledged during the pleacolloquy that he was aware that upon entering his guilty pleas he couldbe sentenced to up to five and one-half years imprisonment. In thewritten plea form, Defendant acknowledged that no one had promised himprobation in exchange for his guilty pleas. The only promise made toDefendant was that with respect to the sentence, the State would defer tothe presentence investigation report. If, in consequence of thesematter, Defendant was sentenced to a term of incarceration, it does notfollow that the penalty demonstrates that his counsel was ineffective.
 Defendant additionally argues that his trial counsel performed in adeficient manner because no sex offender classification hearing washeld. A review of the record reveals that the trial court conducted thesexual offender classification hearing as part of the sentencinghearing. R.C. 2950.09(B)(1). Both the State and Defendant submittedreports by their own respective psychologists at that hearing, andoffered argument in support of their positions. No deficient performanceby defense counsel is demonstrated by this record with respect to thesexual offender classification hearing that was held. Defendant'sineffective assistance of counsel claim lacks arguable merit and iswholly frivolous.
 As another potential error, appellate counsel claims that Defendant wasnot permitted to enter a no contest plea. A defendant does not have anunqualified right to enter a plea of no contest, and may enter such pleaonly with the permission of the court. Crim.R. 11(A). A review of therecord fails to demonstrate that Defendant ever desired to enter a pleaof no contest. To the contrary, both the plea form Defendant signed andthe plea proceedings before the trial court clearly demonstrate thatDefendant's expressed intention was to enter pleas of guilty. Nothing tothe contrary appears in this record. This claim of error lacks arguablemerit and is wholly frivolous.
 As additional potential error, appellate counsel argues that Defendantwas not afforded a sexual offender classification hearing. As wepreviously observed, the record demonstrates that the trial court held theclassification hearing after it had imposed sentence, but as part of thesentencing hearing itself. See R.C. 2950.09 (B)(1). As evidence, bothparties submitted psychological reports, and offered argument in supportof their respective positions. This claim of error by Defendant lacksarguable merit and is wholly frivolous.
 As his final claim of potential error, appellate counsel raises theissue that the sentence imposed in this case was excessive. On thisrecord, that claim is totally frivolous. Defendant is a sexual predatorwho victimizes underage children, including his own six year olddaughter. For his crimes in this case, Defendant faced up to five andone-half years in prison. He received an aggregate sentence of only twoyears and four months, less than one-half of the permissible sentence.It could be argued that Defendant's sentence, if anything, was lenient.
 In imposing its sentence the trial court stated that it had consideredthe presentence investigation report and the various factors required bylaw. R.C. 2929.11, 2929.12. The trial court found that the fourth andfifth degree felony offenses in this case were sex offenses, R.C.2929.13(B)(1)(f), that Defendant was not amenable to a community controlsanction, and that a prison sentence was consistent with the purposes andprinciples of felony sentencing. R.C. 2929.13(B)(2)(a). Moreover, thetrial court made the statutory findings necessary in order to impose morethan just the minimum authorized sentence. R.C. 2929.14(B); State v.Edmonson (1999), 86 Ohio St.3d 324.
In conducting our independent review of this record, we have found no error with respect to the trial court's acceptance of Defendant's guilty pleas. We have, however, discovered one error with respect to the sentence.
In order to impose consecutive sentences for multiple offenses, the trial court must comply with R.C. 2929.14 (E)(4), which provides:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 The findings made by the trial court in its judgment/sentencing entry are as follows:
Pursuant to R.C. 2929.14(E) the Court finds for the reasons stated on the record that (find at least one of the following):
 X Consecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public.
 The trial court also made findings on the record at the sentencing hearing, which are identical to those contained in the court's judgment entry. However, the findings made by the court lack the further findings that R.C. 2929.14 (E)(4)(a), (b), or (c) require. Absent one of those specific findings, the trial court was not authorized to impose consecutive sentences. State v. Hollander (2001), 144 Ohio App.3d 565; State v. Mynhier (2001), 146 Ohio App.3d 217. The trial court abused its discretion in imposing consecutive sentences in this case without first making the required statutory findings.
We further note that, in addition to making the findings required by R.C. 2929.14(E)(4), the trial court must also give its reasons for thosefindings. R.C. 2929.19(B)(2)(c); State v. Blair (December 27, 1999),Scioto App. No. 98CA2588/2589, unreported; State v. Johnson (Sept. 29,2000), Franklin App. Nos. 99AP-1463, unreported. See also: Edmonson,supra. Conclusory statements that mimic the language of the statute,R.C. 2929.14(E)(4), do not satisfy the court's obligation to give reasonsfor its findings. State v. Gary (2001), 141 Ohio App.3d 194.
The judgment/sentencing entry utilized by the trial court appears to be a standardized form which includes various statutory findings the court can "check-off" that are required in order to impose a prison term for a fourth or fifth degree felony, impose consecutive sentences, impose more than just the minimum authorized sentence, or impose the maximum allowable sentence. This same problem has appeared in other cases wherein this deficient form was used. To avoid any recurrence of the problem, we urge the trial court revise that portion of its sentencing entry dealing with consecutive sentences to specifically include in the format of choices the three alternative findings set forth in R.C. 2929.14(E)(4)(a), (b), and (c), one of which the court must make in order to impose consecutive sentences. Of course, "reasons" that are other required will involve a more particular resolution.
Defendant's sentences are reversed. This matter is remanded to the trial court for resentencing consistent with this opinion.
BROGAN, J. and YOUNG, J., concur.