[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Melvin Holland appeals the sentence imposed for his violation of community-control sanctions. He argues that the trial court erred by failing to indicate at the original sentencing hearing that a specific prison term could be imposed for violating the community-control sanctions.
At the revocation hearing on August 23, 2001, Holland was sentenced to a one-year term of incarceration and a six-month term of incarceration, to be served concurrently. He was given 131 days credit for time already served. His appeal was heard June 18, 2002, at which time Holland's counsel informed the court that Holland was no longer incarcerated because he had served his time. Because Holland's assignment of error challenges only his sentence and that sentence has been served, we conclude that his appeal is moot.
We note, however, that, were this case not moot, State v. Mynhier[1]
would not be applicable because it is no longer good law. This court's most recent decision on the issue, State v. Giles,[2] overruled it, citing to Mynhier's dissenting opinion by Judge Painter. The transcript of Holland's original sentencing hearing failed to demonstrate that the trial court had advised Holland that, if he violated the terms of his community-control sanctions, the court could impose a prison sentence, much less any specific term.
We dismiss this appeal as moot because Holland has served the sentence imposed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] See State v. Mynhier (2001), 146 Ohio App.3d 217,765 N.E.2d 917.
[2] See State v. Giles, 1st Dist. No. C-010582, 2002-Ohio-3297, at ¶ 10.