[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Appellant Calvin Tolar appeals the sentence, imposed following the revocation of his community-control sanctions. Tolar initially had pleaded guilty to two counts of theft, one a fifth-degree felony and the other a fourth-degree felony, and two counts of violating the laws governing certificates of title for motor vehicles, unclassified offenses that each involved a term of six months to one year in the county jail or workhouse or one to five years in a state correctional institution.[1]
These offenses arose from Tolar's employment as a used-car salesman who bought and sold vehicles on consignment.
The trial court originally sentenced Tolar to five years of community control and ordered him to serve 300 hours of community service, to cooperate with law enforcement regarding the acquisition of certificates of title, and to pay restitution to two victims in the total amount of $7863.20. It also fined him $100 and ordered him to pay court costs. A five-year, $200-per-month fee schedule was established. Upon revocation of his community control for failing to pay restitution, probation fees, fines and costs, and to provide certificates of title to certain individuals, the trial court sentenced Tolar to four consecutive one-year terms of imprisonment.
Tolar appeals his sentence, raising two assignments of error. In his first assignment, he argues that his sentence was contrary to law based on the imposition of prison terms and their lengths. In his second assignment, he claims that the trial court erred by revoking his community-control sanctions because he was unable to pay restitution.
We conclude that Tolar's sentence was improper, but not for the reasons he argues. Instead, we hold that the trial court lacked the authority to sentence Tolar to any period of incarceration. Under R.C. 2929.15(B), if a trial court decides to impose a prison sentence for a violation of a community-control-sanction, the term imposed must be within the range of prison terms applicable to the underlying offense, and the term "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing * * *." We held in State v. Giles[2] that, "in the usual case, literal compliance with R.C. 2929.19(B)(5) is required as a precondition to imposing a prison term for a violation of community-control sanctions." In that case, we reversed the trial court's imposition of a prison term for violations of community-control sanctions, because the trial court had failed to inform the offender at sentencing both of the possibility of a prison term and of the specific term she faced if she violated her community-control sanctions.
In this case, the trial court informed Tolar at his plea hearing of the range of prison terms possible for the underlying offenses and told him that if he violated the community-control sanctions it could impose the prison terms that it "had talked about." But this failed to comply with R.C. 2929.19(B)(5) and, in turn, R.C. 2929.15(B). "R.C. 2929.15(B) clearly contemplates a distinction between telling a defendant of a specific term and telling a defendant of a potential maximum term."[3]
Further, as this court has explained, "The manifest purpose of the statute is to inform the offender of the actual, specific sentence that will be imposed if the court chooses to impose incarceration, not the statutory range of sentences that may be imposed."[4] Thus, the trial court was precluded from imposing a prison sentence "because the trial court did not indicate during sentencing the `specific prison term' that it would impose should [Tolar] violate the conditions of his community control."[5] Accordingly, we sustain Tolar's assignment that the sentence was contrary to law.
But the trial court's hands are not tied. For Tolar's violation of his community-control sanctions, the trial court may (1) impose a longer time under the same sanction up to a total of five years or (2) impose a more restrictive sanction.[6] A more restrictive sanction could include a residential sanction other than prison (including local jail time),[7]
nonresidential sanctions including, for example, intense supervision, house arrest, or community service,[8] or restitution.[9]
In his second assignment, Tolar contends that the trial court improperly revoked his community control because he was unable to pay restitution. In order to revoke Tolar's community control for failure to pay restitution, the trial court had to determine whether the failure to pay was willful and not the result of indigence.[10] The record reflects that Tolar was employed as a manager for Quick Tax and made $3,000 a month. He was ordered to make restitution to two of his victims. In the six months before his community control was revoked, he had paid each $100. The record reflects that Tolar was attempting to provide the victims automobiles in lieu of money, but had several excuses why his attempts failed. We conclude that the record supports the trial court's revocation. Tolars' second assignment is overruled.
Therefore, the judgment of the trial court is affirmed as to the revocation of Tolar's community-control sanctions, but reversed as to the imposition of prison terms for the violations of Tolar's community-control sanctions. We remand this case to the trial court for statutorily proper sentencing on Tolar's community-control-sanctions violations.
Further, a certified copy of this Judgement Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See R.C. 4509.99(D).
[2] See State v. Giles, 1st Dist. No. C-010582, 2002-Ohio-1393559.
[3] See id. at ¶ 9, quoting State v. Mynhier (2001),146 Ohio App.3d 217, 226, 765 N.E.2d 917 (Painter, J., concurring in part and dissenting in part).
[4] See id. at ¶ 9.
[5] See id. at ¶ 11.
[6] See R.C. 2929.15(B).
[7] See R.C. 2929.16.
[8] See R.C. 2929.17.
[9] See R.C. 2929.18.
[10] See Bearden v. Georgia (1983), 461 U.S. 660, 103 S.Ct. 2064; Statev. Bemmes, 1st Dist. No. C-010522, 2002-Ohio-1905; State v. Douthard
(June 29, 2001), 1st Dist. Nos. C-00354 and C-000355.