OPINION
{¶ 1} Defendant-appellant Theodore Seefong appeals from the November 9, 2005, Judgment Entry of the Stark County Court of Common Pleas finding defendant-appellant in violation of the terms and conditions of his community control and revoking the same. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 15, 2005, the Stark County Grand Jury indicted appellant on three counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), felonies of the fourth degree. At his arraignment on August 5, 2005, appellant entered a plea of not guilty to all of the charges.
 {¶ 3} Thereafter, on August 17, 2005, appellant withdrew his former not guilty plea and entered a plea of guilty to the charges contained in the indictment. A presentence investigation report was ordered. As memorialized in a Judgment Entry filed on September 23, 2005, appellant was placed on community control for a period of three years under specified terms and conditions. The September 23, 2005, Judgment Entry stated, in relevant part, as follows: "17. The Defendant shall follow the following Special Conditions: . . . . . o. That this defendant shall not possess any pornographic material." Appellant's community control was transferred to Huron County, where appellant resided.
 {¶ 4} Subsequently, on October 20, 2005, a "Motion to Revoke Probation or Modify Former Order" was filed alleging that appellant had violated condition 17.o of the community control by having pornographic material in his residence.
 {¶ 5} A probable cause hearing was scheduled for November 2, 2005. At the November 2, 2005, hearing, the parties stipulated that condition 17.o was read to appellant on the record at the time of sentencing on September 21, 2005, and that there was pornographic material found in appellant's residence in Huron County after September 21, 2005. However, appellant's counsel argued that appellant could not be found in violation of his community control since appellant's probation officer had not read appellant the specific terms and conditions of his community control as required by R.C. 2301.30(A).
 {¶ 6} Appellant's probation officer, Christopher Sengos, testified at the November 2, 2005, hearing. Sengos testified that he did not have an opportunity to sit down with appellant and go over the terms and conditions of appellant's community control with him before appellant's community control was transferred to Huron County. The following testimony was adduced on cross-examination:
 {¶ 7} "Q. Motion to revoke was filed; I think that's State's Exhibit 2?
 {¶ 8} "A. Yes.
 {¶ 9} "Q. At no time did you nor anyone else read to him to your — that you're aware of any specific conditions of his probation?
 {¶ 10} "A. None that I'm aware of." Transcript of November 2, 2005, hearing at 12. At the conclusion of the hearing, the trial court took the matter under advisement and continued the matter to November 9, 2005.
 {¶ 11} At the November 9, 2005, hearing, the trial court found that appellant had violated condition 17.o of his community control. The trial court then revoked appellant's community control. Pursuant to a Judgment Entry filed on November 10, 2005, appellant was sentenced to a total of 12 months in prison.
 {¶ 12} Appellant now raises the following assignment of error on appeal:
 {¶ 13} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND THE DEFENDANT GUILTY OF A PROBATION VIOLATION."
 I {¶ 14} Appellant, in his sole assignment of error, argues that the trial court committed reversible error in finding appellant guilty of violating the terms and conditions of his community control. We disagree.
 {¶ 15} As is stated above, appellant's counsel, at the November 2, 2005, hearing, argued that the trial court could not find appellant in violation of his community control since the probation department had failed to comply with R.C. 2301.30(A). Revised Code 2301.30 states, in relevant part, as follows: "The court of common pleas of a county in which a county department of probation is established under division (A) of section 2301.27 of the Revised Code shall require the department, in the rules through which the supervision of the department is exercised or otherwise, to do all of the following:
 {¶ 16} "(A) Furnish to each person under a community control sanction or post-release control sanction or on parole under its supervision or in its custody, a written statement of the conditions of the community control sanction, post-release control sanction, or parole and instruct the person regarding the conditions; . . ." (Emphasis added). There is no dispute that appellant was not provided with a written statement of the conditions of his community control or instructed regarding the same.
 {¶ 17} In State v. Mynhier (2001), 146 Ohio App.3d 217,765 N.E.2d 917, the appellant pled guilty to three counts of sexual battery and, as a condition of his community control, was ordered to have no contact with his stepdaughter. After he was found guilty, following a community control revocation hearing, of violating the condition prohibiting him from having contact with his stepdaughter and after his community control was revoked, the appellant appealed.
 {¶ 18} On appeal, the appellant, in Mynhier, argued, in part, that the trial court denied him due process of law under both the Ohio and United States Constitutions by revoking his community control without requiring the probation department to comply with R.C. 2301.30(A). The appellant had never received a copy of the written supplemental rules of community control which contained the condition that he was to have no contact with his stepdaughter.
 {¶ 19} The First District Court of Appeals, in ruling on the appellant's argument, held, in relevant part, as follows: "While it can technically be argued that the probation department violated Ohio law by not providing Mynhier with a copy of the supplemental rules prior to charging him with a violation, this did not give rise to a constitutional violation. The touchstone of due process is fundamental fairness. In this case, fairness required notice to Mynhier of the conditions of his community control prior to charging him with a violation of one of those conditions.
 {¶ 20} "A review of the record demonstrates that Mynhier, prior to September 7, 2000, had received notice of the condition that he was not to have any contact with his stepdaughter. The trial court informed him of this condition at his sentencing hearing, and it was also set forth in the judgment entry. On August 10, 2000, his probation officer, Edward Tullius, reviewed and instructed Mynhier on the conditions of his community control, including the condition that he not have contact with his stepdaughter. That same day, Mynhier signed a written statement of the supplemental rules, acknowledging that he had discussed the conditions with his probation officer. Additionally, a copy of the general rules of community control, which included the requirement that Mynhier abide by the supplemental conditions, was left with Mynhier. Because the state complied with due process by providing notice to Mynhier of the pertinent condition, there was no constitutional violation. While there may have been a statutory violation, we hold that Mynhier suffered no prejudice from this error and, thus, that it was harmless. Mynhier never argued at his revocation hearing that he had not received notice of the condition that he not have contact with his stepdaughter. Further, Tullius testified at the revocation hearing that when he spoke with Mynhier in early September regarding the alleged violation, Mynhier admitted that he knew that he was not to have had contact with his stepdaughter. Accordingly, Mynhier's first assignment of error is overruled." Id. at 221 (Citations omitted).
 {¶ 21} In the case sub judice, there is no dispute that appellant was advised on the record at the sentencing hearing that, as a condition of community control, he was not to possess any pornographic material. The same condition was set forth in the trial court's September 23, 2005 Judgment Entry. In addition, appellant does not argue that he did not have actual notice and knowledge of the condition of his community control prohibiting the possession of pornography.[1]
 {¶ 22} Based on the foregoing, we find that any violation of R.C. 2301.30(A) was harmless and that the trial court did not err in holding that appellant had violated his community control and revoking the same.
 {¶ 23} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 24} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Farmer, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] As is stated above, appellant stipulated that the relevant condition of community control was read to him on the record at his sentencing hearing.