[Cite as *State v. Kelley*, 2012-Ohio-3938.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
|  | : | JUDGES: |  |
| STATE OF OHIO | : | Patricia A. Delaney, P.J. |  |
|  | : | W. Scott Gwin, J. |  |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |  |
|  | : |  |  |
| -vs- | : | Case No. 2011CA00271 |  |
|  | : |  |  |
|  | : |  |  |
| KORVON KELLEY | : | O P I N I O N |  |
|  |  |  |  |
| Defendant-Appellant |  |  |  |

CHARACTER OF PROCEEDING:        Criminal Appeal from Stark County
Court of Common Pleas Case No.
2011CR0667

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        August 27, 2012

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOHN D. FERRERO        APRIL R. BIBLE
Prosecuting Attorney        200 W. Tuscarawas Street
Stark County, Ohio        Suite 200
        Canton, Ohio  44702
BY: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

*Edwards, J.*

{¶1} Defendant-appellant, Korvon Kelley, appeals from the November 9, 2011, Judgment Entry of the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On June 20, 2011, the Stark County Grand Jury indicted appellant on one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree, and one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree. The victim with respect to both counts was Ladonna Wilson. At his arraignment on June 24, 2011, appellant entered a plea of not guilty to the charges.

{¶3} Subsequently, on September 19, 2011, appellant withdrew his former not guilty plea and entered a plea of guilty to both charges. As memorialized in a Judgment Entry filed on October 17, 2011, appellant was placed on community control for a period of five (5) years under specified terms and conditions. One of the conditions forbade appellant from having any direct or indirect contact with the victim.

{¶4} On October 27, 2011, a Motion to Revoke Probation or Modify Former Order was filed by a Probation Officer. The motion alleged that appellant had violated the terms and conditions of his community control by failing to have no direct or indirect contact with the victim.

{¶5} An evidentiary hearing was held on November 2, 2011. At the hearing, Rachel Carosello, appellant's probation officer, testified that appellant had violated his community control by contacting his victim from the jail. At the hearing, a detailed report from the jail was admitted as an exhibit showing that appellant had attempted to make

18 telephone calls to the victim's phone number between October 13, 2011, and October 21, 2011. Three of the calls were completed. While one of the completed telephone calls was on October 13, 2011, the other two were on October 15, 2011. According to Carosello, appellant attempted to call the victim four times on October 17, 2011, and twice on October 21, 2011. A CD of the telephone calls was played to the trial court.

{¶6} Carosello testified that she had an opportunity to listen to the first call, which lasted approximately 15 minutes, and that during the call, the victim identified appellant as Korvon Kelley and identified herself as the victim. During the telephone call, the victim told appellant "at least three times don't call me and you know you are not supposed to be calling me…" Transcript at 17. The following is an excerpt from Casorello's testimony:

{¶7} "Q. After listening to the second call from October 15, 2011, were you able to determine the parties on that call as well?

{¶8} "A. Yes.

{¶9} "Q. And how were you able to do so?

{¶10} "A. She - - they both identified the domestic violence and the burglary. He states that he is sorry for what he did.

{¶11} "Q. Okay. And did she indicate she still did not want to have contact, that she was going to deal with that?

{¶12} "A. Correct.

{¶13} "Q. And what did she indicate she was going to do, if you recall?

{¶14} "A. That she was going to call and tell.

**{¶15}** "Q. Okay. All right. And the person that has been identified and has been given to you on probation is a Korvon Kelley, correct?

**{¶16}** "A. Correct." Transcript at 18.

**{¶17}** On cross-examination, Casorello testified that she had never met with appellant, that no one else from the Probation Department had met with appellant, and that appellant was in jail waiting for a bed to go to Stark Regional Community Correction Center [SRCCC]. She further testified that no one from probation went over the rules of probation with appellant because the Probation Department does not go over the rules until a defendant arrives at SRCCC. Casorello also testified that of the three telephone calls that were completed before October 17, 2011, none were identified as having come from appellant's PIN.[1] On redirect, she testified that people sometimes used other people's PIN numbers and that most of the calls were made from the same area in the jail.

**{¶18}** At the hearing, appellant's counsel argued that appellant was not on probation at the time of the October 13, 2011, and October 15, 2011, completed telephone calls because appellant had never signed the rules of probation and had never met with a probation officer to go over the rules. Appellant's counsel further noted that the Journal Entry was not filed until October 17, 2011, and that the court should not consider any evidence prior to such date. Appellant's counsel also argued that there were no completed telephone calls on October 17, 2011, and that the telephone call on October 21, 2011, was not a completed call.

---

[1] According to Casorello, if an inmate wants to make a call from the jail, he or she punches in his or her PIN, which is generally his or her social security number.

{¶19} Pursuant to a Judgment Entry filed on November 9, 2011, the trial court revoked appellant's community control and sentenced appellant to an aggregate sentence of eight (8) years in prison.

{¶20} Appellant now raises the following assignment of error on appeal:

{¶21} "DEFENDANT WAS DENIED DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION BY NOT BEING PROPERLY NOTIFIED OF THE CONDITIONS OF HIS PROBATION."

I

{¶22} Appellant, in his sole assignment of error, argues that his due process rights were violated when his community control was revoked before he had been properly notified of the terms and conditions of the same pursuant to R.C. 2301.30(A).

{¶23} R.C. 2301.30 states, in relevant part, as follows: "The court of common pleas of a county in which a county department of probation is established under division (A) of section 2301.27 of the Revised Code *shall* require the department, in the rules through which the supervision of the department is exercised or otherwise, to do all of the following:

{¶24} "(A) Furnish to each person under a community control sanction or post-release control sanction or on parole under its supervision or in its custody, a written statement of the conditions of the community control sanction, post-release control sanction, or parole *and* instruct the person regarding the conditions; ..." (Emphasis added).

{¶25} There is no dispute that appellant was not provided with a written statement of the conditions of his community control or instructed regarding the same.

{¶26} In *State v. Mynhier*, 146 Ohio App.3d 217, 765 N.E.2d 917, (1st Dist. 2001) the appellant pleaded guilty to three counts of sexual battery and, as a condition of his community control, was ordered to have no contact with his stepdaughter. After he was found guilty, following a community control revocation hearing, of violating the condition prohibiting him from having contact with his stepdaughter and after his community control was revoked, the appellant appealed.

{¶27} On appeal, the appellant, in *Mynhier,* argued, in part, that the trial court denied him due process of law under both the Ohio and United States Constitutions by revoking his community control without requiring the probation department to comply with R.C. 2301.30(A). The appellant had never received a copy of the written supplemental rules of community control which contained the condition that he was to have no contact with his stepdaughter.

{¶28} The First District Court of Appeals, in ruling on the appellant's argument, held, in relevant part, as follows: "While it can technically be argued that the probation department violated Ohio law by not providing Mynhier with a copy of the supplemental rules prior to charging him with a violation, this did not give rise to a constitutional violation. The touchstone of due process is fundamental fairness. In this case, fairness required notice to Mynhier of the conditions of his community control prior to charging him with a violation of one of those conditions.

{¶29} "A review of the record demonstrates that Mynhier, prior to September 7, 2000, had received notice of the condition that he was not to have any contact with his

stepdaughter. The trial court informed him of this condition at his sentencing hearing, and it was also set forth in the judgment entry. On August 10, 2000, his probation officer, Edward Tullius, reviewed and instructed Mynhier on the conditions of his community control, including the condition that he not have contact with his stepdaughter. That same day, Mynhier signed a written statement of the supplemental rules, acknowledging that he had discussed the conditions with his probation officer. Additionally, a copy of the general rules of community control, which included the requirement that Mynhier abide by the supplemental conditions, was left with Mynhier. Because the state complied with due process by providing notice to Mynhier of the pertinent condition, there was no constitutional violation. While there may have been a statutory violation, we hold that Mynhier suffered no prejudice from this error and, thus, that it was harmless. Mynhier never argued at his revocation hearing that he had not received notice of the condition that he not have contact with his stepdaughter. Further, Tullius testified at the revocation hearing that when he spoke with Mynhier in early September regarding the alleged violation, Mynhier admitted that he knew that he was not to have had contact with his stepdaughter. Accordingly, Mynhier's first assignment of error is overruled." Id. at 221 (Citations omitted).

{¶30} In *State v. Seefong*, 5th Dist. No. 2005CA00293, 2006-Ohio-2723, the appellant's probation officer did not go over the terms and conditions of his community control with him as required by R.C. 2301.30(A). The appellant's counsel argued that the appellant could not therefore, be found in violation of his community control. This Court, however, cited to *Mynhier*, in holding that the trial court did not commit reversible error in finding the appellant guilty of violating the terms and conditions of his

community control.  This Court noted that there was no dispute that the appellant had been advised on the record at the sentencing hearing on the terms and conditions.  This Court further noted that the appellant did not argue that he did not have actual notice of knowledge of the condition of his community control prohibiting the possession of pornography and that the condition was set forth in the trial court's Judgment Entry.  On such basis, this Court found that any violation of R.C. 2301.30(A) was harmless and that the trial court did not err in holding that the appellant had violated his community control and in revoking the same.

{¶31} In the case sub judice, the trial court advised appellant at the sentencing hearing on October 11, 2011, that he was "not to have any contact directly or indirectly with the victim." Transcript of October 11, 2011 hearing at 7. Appellant had, therefore, actual notice of the no contact order and does not dispute that he was aware of the same.  We find any violation of R.C. 2301.30(A) was, therefore, harmless.

{¶32} Appellant maintains that he could not be found to have violated his community control based on incidents that occurred before his sentencing entry was filed. We disagree.  In *State v. Wetzel*, 9th Dist. 16407, 1994 WL 45791 (Feb. 9, 1994), the appellant was convicted of corruption of a minor and sentenced to two years in prison. His sentence was suspended and he was placed on probation on June 23, 1993. However, the journal entry placing him on probation was not filed until July 8, 1993. The appellant had violated his probation on June 26, 1993.

{¶33} On July 16, 1993, the appellant's probation was revoked due to the June 26, 1993, incident. The appellant's counsel, in *Wetzel*, had argued to the trial court that

the appellant was not on probation at the time of such incident because the entry ordering probation was not filed until after the date of the incident.

{¶34} On appeal, the appellant argued that the trial court erred in revoking his probation "on grounds that he had violated probation by his conduct which predate, by more than ten days, the fling of the judgment of conviction and sentencing". In affirming the judgment of the trial court, the court, in *Wetzel,* stated, in relevant part, as follows: "In *State v. Henderson* (1989), 62 Ohio App.3d 848, 853, the court found that "'[e]ven if * * * defendant was not yet legally on probation at the time of his arrest [for a probation violation], the trial judge had the option at any time before execution [of the sentence] to modify the sentence by withdrawing the oral pronouncement of probation and committing him to the penitentiary.'

{¶35} "In this case, Appellant's argument is self-defeating. The oral pronouncement of probation was journalized after the alleged probation violation occurred. Following Appellant's argument, he could not have begun to serve a sentence which was not yet valid. As the sentence had not been executed, the trial court could have amended the sentence, by withdrawing the granting of probation and sentencing him to a term of imprisonment.

{¶36} "The net result of the trial court's finding that Appellant was in violation of probation and reinstating the term of imprisonment is the same. While it may have been error for the court to find a violation of the terms of probation when the order imposing probation had not yet been journalized, we find that the error was harmless beyond a reasonable doubt. Crim.R. 52(A); *State v. Williams* (1988), 38 Ohio St.3d 346, 349." Id. at 2.

{¶37} Based on the foregoing, appellant's sole assignment of error is, overruled.

{¶38} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Edwards, J.

Delaney, P.J. and

Gwin, J. concur

_____

_____

_____

JUDGES

JAE/d0618

[Cite as *State v. Kelley*, 2012-Ohio-3938.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                Plaintiff-Appellee     :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
KORVON KELLEY                          :
                                       :
                Defendant-Appellant    :        CASE NO. 2011CA00271


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.



                                       _____

                                       _____

                                       _____

                                                    JUDGES