DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff/Appellant Johnny Guthery appeals from the decision of the Athens County Common Pleas Court terminating his judicial release, revoking his community control and imposing the balance of his original twenty-four month prison sentence. Appellant argues that he was denied due process of law during the revocation process as a result of the trial court's failure to state, either orally or in writing, its reasons for revocation. We find that the trial court's oral statements satisfied the applicable due process requirements, sufficiently informing Appellant of the reasons for revocation. We further find that Appellant failed to object to the alleged due process violation, thereby waiving any error below. Accordingly, we affirm the trial court's decision.
 {¶ 2} Appellant pled guilty to two counts[1] of felony driving under the influence on November 11, 2001, and on January 14, 2002, was sentenced to a twenty-four month prison term. As part of Appellant's plea agreement, the State agreed not to oppose a future motion for judicial release. Appellant subsequently filed a motion for judicial release on May 9, 2002, which was granted, pursuant to certain terms and conditions, on June 26, 2002. The terms and conditions of Appellant's judicial release were expressly set forth in the trial court's decision, which also included the following language: "Defendant is reminded a violation of any of the foregoing terms and conditions of judicial release may be cause for revoking his status and imposing the balance of the sentence of incarceration. The Court reserves its right to re-impose the sentence that is reduced pursuant to the order of judicial release."
 {¶ 3} On November 15, 2003, Appellant was arrested on a warrant issued for his failure to abide by the terms and conditions of his community control. On November 20, 2003, the State filed a Notice of Violation of Judicial Release and Motion to Impose Sentence, alleging the following violations by appellant:
"1. As of August 25, 2003, the Defendant is (sic) whereabouts unknown;
2. On or about September 1, 2003, the Defendant changed his residence without notifying the Adult Parole Authority;
3. On or about July 7, 2003, the Defendant failed to appear for scheduled appointment at Perry Behavioral Healthcare;
4. The Defendant was ordered by the Court to report to the Adult Parole Authority on the first and third Mondays for office visits and as of August 25, 2003, the Defendant has failed to do so."
 {¶ 4} On November 25, 2003, a first stage revocation hearing was conducted where the court found probable cause that Appellant violated the terms and conditions of his community control and scheduled a second stage hearing on December 3, 2003. After being rescheduled several times, the second stage hearing was finally conducted on April 6, 2004, resulting in the revocation of Appellant's community control. The court's decision was journalized on April 20, 2004 and it is from that entry that Appellant filed his notice of appeal, setting forth the following assignment of error:
 {¶ 5} "The trial court committed reversible error when it revoked Mr.Guthery's community control without stating it reasons for revocation, either orally or in writing, in violation of the due process clause (Apr. 6, 2004)."
 {¶ 6} Appellant argues that his due process rights were violated as a result of the trial court's failure to provide him with either a written or oral statement setting forth its reasons for revocation. In his brief, Appellant correctly sets forth the evolution of the due process requirements related to parole revocations, probation revocations and finally revocations of community control. These requirements were set forth by the United States Supreme Court in Morrissey v. Brewer (1972),408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593 and Gagnon v. Scarpelli
(1973), 411 U.S. 778, 36 L.Ed.2d 656, 93 S.Ct. 1756. This line of reasoning has been applied in Ohio courts as well, including the Fourth District, where we now turn our attention.
 {¶ 7} In light of Appellant's constitutional due process argument, our analysis must begin with the Fourteenth Amendment to the United States Constitution which prohibits the state deprivation of individual liberty without due process of law. It is well settled that "[b]efore probation can be revoked, a probationer must be afforded both a preliminary hearing and a subsequent final revocation hearing." State v. Boling, Athens App. No. 01CA30, 2001-Ohio-2629, 2001 WL 1646691, (citing State v. Qualls
(1988), 50 Ohio App.3d 56, 57, 552 N.E.2d 957; also see State v.Norman, Scioto App. No. 00CA2736, 2001-Ohio-2476, 2001 WL 615332; Stateex rel. Kuntz v. Ohio Adult Parole Authority (Mar. 23, 1999), Franklin App. No. 98AP-319, 1999 WL 163169). It has further been held that these requirements also apply to community control termination proceedings.Boling, supra, (citing State v. Mynhier (2001), 146 Ohio App.3d 217,765 N.E.2d 917; State v. Todd (Mar. 29, 1999), Auglaize App. No. 2-98-25, 1999 WL 300226).
 {¶ 8} As Boling, supra, explains: "[w]ith respect to the preliminary hearing, probationers are entitled to notice of the alleged violation of probation, an opportunity to appear and to present exculpatory evidence, a conditional right to confront adverse witnesses, an independent decision and a written report of the hearing." (citing Cagnon v. Scarpelli,
supra, at 786, L.Ed.2d 656, 93 S.Ct. 1756; also see Morrissey, supra, at 487, 33 L.Ed.2d 484, 92 S.Ct. 2593). It has been held that the final hearing is much less summary and requires the following: "(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole."Boling, supra, (citing Cagnon at 786, L.Ed.2d 656, 93 S.Ct. 1756 andMorrissey at 489, 33 L.Ed.2d 484, 92 S.Ct. 2593).
 {¶ 9} It is from requirement (f) of the final hearing, which requires "a written statement by the factfinders as to the evidence relied on and reasons for revoking" community control that Appellant centers his appeal; however, Appellant concedes that the Ohio Supreme Court allows, but does not condone, the provision of an oral statement on the record by the court, in lieu of a written statement. State v. Ross (Jan. 24, 1991), Jackson App. No. 615, 1991 WL 13734, (citing State v. Delaney
(1984), 11 Ohio St.3d 231, 235, 465 N.E.2d 72). In the case at bar, there is no question that the trial court failed to provide a "written statement." Thus, we must evaluate whether oral statements made by the court on the record satisfy due process requirements.
 {¶ 10} At the first stage hearing, after hearing testimony by the probation officer as well as Appellant, the court stated on the record that "it does appear to me that the four paragraphs that were in the notice of violation that was filed on November 20th, but have been established by Mr. Haas's testimony today and in part confirmed by Mr. Guthery's testimony. Such that it appears to me that probable cause has been established and sufficient to take this matter on to a disposition hearing." The court further stated "[t]his argument that Mr. Guthery makes about well, it's more convenient to be in Nelsonville that makes some sense to me, but he also has some obligation to tell Mr. Hass about that and it's pretty clear that he didn't."
 {¶ 11} Subsequently, at the second stage hearing, the court stated on the record that "there has been testimony that Mr. Guthery violated the terms of the community control, of the judicial release, and that at least one or two of those violations were pretty significant." Referring to the initial sentencing hearing, the court also stated that "the Court did all it could do to tell Mr. Guthery if there were any violations of this judicial release this is what is going to happen. So under those circumstances the Court really feels it has no option but to terminate the judicial release status and impose the balance of the sentence." We believe the oral statements by the court in both the first and second stage hearings meet the requirements of Delaney.
 {¶ 12} Even if the statements did not satisfy Appellant's due process rights, it is apparent from the record that Appellant failed to object to the alleged constitutional violation below and therefore waived any related error. State v. Layne (March 4, 1992), Scioto App. No. 1874,1992 WL 42782, (citing State v. Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus. "The fact that the alleged error is of constitutional stature does not prevent the application of the waiver doctrine." Id. In light of the waiver, in order for Appellant to succeed on appeal, he must be able to show plain error. Crim. R. 52(B). This court will take notice of plain error "`with utmost caution'" and only "`under exceptional circumstances [* * *] to prevent a manifest miscarriage of justice'." Layne, supra, (citing State v. Long (1978), 53 Ohio St.2d 91, 7 O.O.3d 178,372 N.E.2d 804, paragraph three of the syllabus; see also State v.Spirko (1991), 59 Ohio St.3d 1, 29, 570 N.E.2d 229). In reversing a trial court based upon the doctrine of plain error, an appellate court must not only find that "the error is clearly apparent on the face of the record" but also that it "is prejudicial to the appellant." Id., see also Statev. Slagle (1992), 65 Ohio St.3d 597, 605 N.E.2d 916.
 {¶ 13} In the case at bar, even if the trial court did err, the error did not prejudice Appellant in any way or result in a manifest miscarriage of justice. Appellant was warned at his sentencing hearing that a violation of any future judicial release would result in the imposition of the balance of his sentence. During arrest he received written notice describing the alleged violations of his judicial release in detail. At his first stage hearing there was ample testimony by not only the probation officer, but also by the Appellant, that several of the violations did in fact occur. The trial court stated on the record that it appeared that the testimony provided probable cause to set the matter for a further revocation hearing. Further, it commented specifically on Appellant's failure to notify his probation officer of his change in address, which was an express requirement of his community control. Lastly, Appellant failed to object to the court's alleged failure to provide an oral statement and to provide a written statement at the appropriate time. In State v. Williams, the Supreme Court of Ohio held that "[a]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." (1977), 51 Ohio St.2d 112,364 N.E.2d 1364, (citing State v. Glaros (1960), 170 Ohio St. 471,166 N.E.2d 379).
 {¶ 14} In light of the foregoing, we overrule Appellant's assignment of error and affirm the decision of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] There was much debate at both the first and second stage revocation hearings over whether Appellant could legally have been convicted of two counts arising out of a single offense; however, the trial court correctly pointed out that any error related to the original conviction could have been appealed, but apparently was not, making the issue moot.