[Cite as *State v. Marks*, 2015-Ohio-4179.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102168**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EUGENE MARKS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-12-569789-A and CR-13-571857-A

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 8, 2015

**ATTORNEY FOR APPELLANT**

Rachel A. Kopec
8748 Brecksville Road
Suite 200
Brecksville, OH    44141


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Mary McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, P.J.:

**{¶1}** Defendant-appellant, Eugene Marks appeals from his 48-month sentence imposed based on an alleged violation of his community control. For the reasons that follow, we reverse the trial court's decision and vacate Marks's sentence.

**{¶2}** In 2013, Marks entered guilty pleas and was sentenced under two different case numbers. In Case No. CR-569789, he pleaded guilty to burglary, attempted felonious assault, and intimidation of a crime victim or witness. The court imposed a prison sentence of 18 months for the burglary and attempted felonious assault charges, and a sentence of 60 months of community control for the intimidation offense. The journal entry of conviction stated, "[A] capias shall issue for the defendant to be returned to Cuyahoga County jail to commence community control on Count 4 [intimidation] on CR-569789 and CR-571857 after completion of [the] prison term."

**{¶3}** In Case No. CR-571857, Marks pleaded guilty to attempted bribery. The court sentenced Marks to 60 months of community control. The journal entry of conviction is silent as to the commencement date of community control. However, the sentencing transcript provides that the court ordered that "[t]he capias will issue for the defendant to be returned to the Cuyahoga County Jail to commence community control in Case Number 57[1]857, and count 4 [intimidation] of 569789 after the completion of the term." (Tr. 66.)

**{¶4}** Also included in both journal entries of conviction, the court ordered that the defendant have "no contact with victims and their families."

**{¶5}** Marks served his prison sentence of 18 months, and following his release from prison, the court held a hearing "to institute the community control." (Tr. 69.) During this hearing, it was alleged that Marks violated the terms of his community control by sending two letters to the victim while he was incarcerated. The trial court indicated that the no-contact order was not a term of probation, but that no contact was ordered through the journal entry of conviction.

**{¶6}** At the request of defense counsel, the court scheduled an evidentiary hearing in July 2014 on the alleged violation because further evidence was necessary. The court also referred the matter to the prosecutor's office for a determination of whether there was a criminal violation by violating the contact order and whether or not there was a further crime of intimidation. What is clear from the record is that no formal finding was made by the trial court in open court on whether Marks violated the terms of community control. Nevertheless, the trial court immediately issued a written order finding that Marks was in violation of the terms of his community control; nothing in the record explains the trial court's sudden reversal.

**{¶7}** At the July 2, 2014 hearing, the court indicated it was conducting a community control violation hearing. Marks was represented by new counsel and the prosecutor was not present. However, the probation officer noted on the record that the court had already determined that Marks violated the terms of his community control.

Following a brief exchange, none of which included any evidence concerning the alleged violation, the court found Marks in violation of community control and ordered him to serve a total of 48 months in prison, less 127 days. This included 30 months for Case No. CR-569789 consecutive to 18 months for Case No. CR-571857.

{¶8} Marks now appeals, raising two assignments of error. In his first assignment of error, Marks contends that the trial court erred when it found him to be in violation of community control despite trial counsel's request for an evidentiary hearing.

{¶9} According to the record on appeal, no hearing to determine whether a violation occurred was ever held or waived, despite Marks's request for an evidentiary hearing. Furthermore, the order finding Marks to be in violation of the terms of his community control markedly differed from the actual discussion that took place at the initial hearing when Marks was released for prison.

{¶10} Therefore, the record plainly demonstrates a denial of due process during the community control violation determination. *State v. Simpkins*, 8th Dist. Cuyahoga No. 87131, 2006-Ohio-3496, ¶ 14. At the least, as applicable to the current case, the defendant must be afforded the disclosure of the evidence and an opportunity to be heard and to present evidence in response. *Id.*; *State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126, ¶ 24 (noting the abruptness of appointing counsel on the spot to represent a defendant in a community control violation hearing and how that negatively affects the defendant's own ability to protect his constitutional rights). Marks contested the allegations, and although initially the trial court stated that Marks would have an

opportunity to challenge the alleged violation, the subsequent hearing merely presumed a violation occurred based on an apparently erroneous journal entry.

**{¶11}** The subsequent hearing afforded no opportunity for Marks to contest the allegations or the timing of the alleged violation. *State v. Waddell*, 10th Dist. Franklin No. 14AP-372, 2014-Ohio-4829, ¶ 8 (revocation of probation implicates two due process requirements, a preliminary determination whether there is cause to believe that a defendant violated the terms of probation and a revocation determination whether probation should be revoked); *State v. Boykins*, 3d Dist. Marion No. 9-14-28, 2015-Ohio-1341, ¶ 8 (same two due process requirements applied to community control violations); *State v. Heinbach*, 8th Dist. Cuyahoga No. 67821, 1995 Ohio App. LEXIS 3792, *4 (Aug. 31, 1995). In this case, Marks's right to due process was not preserved. The trial court indicated on the record that the probable cause determination would be continued for an evidentiary hearing, yet it issued a journal entry finding that Marks violated the terms of his community control before that second hearing took place. Accordingly, the proceedings in this case violated Marks's right to due process before he was sentenced to a four-year term of incarceration on an alleged community control violation.

**{¶12}** Additionally, the record demonstrates that Marks was not on community control sanctions at the time that he allegedly violated the court's no-contact order. Therefore, the court erred by first denying Marks due process and then erred by ordering Marks to serve a prison term for the alleged violation.

**{¶13}** The term of community control in both cases was to be served consecutively to the prison term. Therefore, while Marks was in jail, he was not under any community control sanction, including the no-contact order. *See State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 17 (reiterating that a "no-contact order" is a community control sanction and cannot be imposed along with a prison term on the same felony offense). Therefore, Marks could not have violated the terms of his community control in both cases because he was serving a prison sentence for an offense while the alleged violation occurred. Accordingly, the court erred in sentencing Marks to 48 months in prison — 30 months under Case No. CR-569789 consecutive to 18 months under Case No. CR-571857 for the alleged violation.

**{¶14}** Judgment reversed. The case is remanded to the trial court to issue a journal entry vacating Marks's sentence for the violation and ordering him discharged from prison in these cases. Based on the foregoing, Marks's second assignment of error challenging the imposition of consecutive sentences is rendered moot.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

———

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN PART AND
DISSENTS IN PART (SEE SEPARATE OPINION)


SEAN C. GALLAGHER, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶15} I respectfully dissent from the majority's decision to summarily discharge Marks without a hearing to determine the validity of the underlying conviction. In *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, the Ohio Supreme Court held that a no-contact order cannot be imposed along with a prison term on the same felony offense. The no-contact order could only be imposed as a term of the community control sanction in Case No. CR-13-571587-A, which is silent as to the commencement of the sanction. Although the final sentencing entry in Case No. CR-12-569789-A indicates that community control, as imposed in both cases, is consecutive to the prison term, the ambiguity requires a new hearing to determine all issues.

{¶16} In addition, it should be noted that there is an open question as to whether community control sanctions can be imposed consecutively in light of the fact that R.C. 2929.14(C)(4) is limited to the imposition of consecutive prison sentences. In *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, ¶ 12, the Ohio Supreme Court held that trial courts lack authority to impose consecutive jail sentences pursuant to R.C. 2929.16(A)(2) because R.C. 2929.41 mandates that sentences of imprisonment that include a felony jail sentence must be served concurrently to any other

term.  More important, the Ohio Supreme Court concluded that although the language of R.C. 2929.16(A), authorizing the imposition of a combination of sanctions for a "felony offense" in the singular, may indicate "that multiple [sentences] may be imposed where the criminal has been found guilty of multiple felony offenses[,]" such an interpretation was irrelevant to whether the sentences must be imposed to be served consecutively or concurrently.  *Id.*  R.C. 2929.41(A) provided no exception to the statutory requirement that trial courts impose the community control sanctions to be served concurrently.

{¶17} Further, although R.C. 2929.13(A) authorizes a court to impose "a sentence[, a combination of sanctions pursuant to R.C. 2929.14 through 2929.18,] on an offender for a felony[,]" the statute is limited to imposing a combination of sanctions on a singular felony offense and is silent as to imposing consecutive service of community control sentences upon multiple felonies.  *Barnhouse* at ¶ 15; *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9.  R.C. 2929.15(A) and 2929.16(A) also use similar language authorizing trial courts to impose a combination of community control sanctions for a "felony offense."  As the Ohio Supreme Court noted in *Barnhouse*, the legislature's indication that a combination of sanctions may be imposed for a felony offense is immaterial to resolving whether the sanctions can be imposed consecutively to one another.  *Barnhouse* at ¶ 15.

{¶18} The validity of the underlying sentence must be addressed along with the ambiguity in the final sentencing entries.  For this reason, I would reverse the conviction on the due process rationale advanced by the majority, but would remand for a hearing.