[Cite as *State v. Jones*, 2016-Ohio-2626.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102999

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS JONES

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-578090-A

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 21, 2016

**FOR APPELLANT**

Thomas Jones, pro se
Inmate No. #651-311
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio    44030


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Frank Romeo Zeleznikar
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. "By doing so, [appellant] has agreed that we may render a decision in 'brief and conclusionary form' consistent with App.R. 11.1(E)." *State v. Fye*, 8th Dist. Cuyahoga No. 102494, 2015-Ohio-4184, ¶ 1.

**{¶2}** Thomas Jones violated a term of his community control sanctions by failing to return to a group home by the 11:00 p.m. curfew. The community control sanctions were imposed upon his successful petition for judicial release from a three-year term of imprisonment. This was Jones's third violation of those sanctions, and the trial court remanded Jones to prison to serve the remainder of his original term. Jones appealed, raising two related assignments of error in which he claims that the trial court lacked any evidence of a violation or that his trial counsel was ineffective for failing to contest the evidence produced. For the following reasons, we affirm.

**{¶3}** In a community control violation hearing, in pertinent part, a "defendant must be afforded the disclosure of the evidence and an opportunity to be heard and to present evidence in response." *State v. Marks*, 8th Dist. Cuyahoga No. 102168, 2015-Ohio-4179, ¶ 10 (trial court erred by finding a violation occurred without a hearing after continuing the violation hearing to afford the defendant the opportunity to object to the evidence), citing *State v. Simpkins*, 8th Dist. Cuyahoga No. 87131, 2006-Ohio-3496, ¶ 14; *State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126, ¶ 24. If any error

occurred in providing Jones either the written notice or the opportunity to present evidence in his defense, such an error would be harmless. Crim.R. 52(A).

{¶4} In this case, Jones appeared in court for his third violation of the community control sanctions. As part of those sanctions, Jones was required to live in the group home, which itself imposed an 11:00 p.m. curfew. At the time of the second revocation hearing, and in order to prevent Jones from staying the night at a particular shelter he frequented, Jones was remanded to county jail until a bed at the group home became available. Tr. 75:1-8. Instead of contesting the violation evidence at the third revocation hearing, Jones admitted that he did not return to the group home before curfew and that, in fact, he stayed the night at the very shelter the trial court ordered Jones to avoid.

{¶5} In the current appeal, Jones claims the trial court deprived him of his right to due process by not allowing him to call witnesses at the third revocation hearing and that if provided the opportunity, he would have presented evidence that the group home representatives failed to disclose an attendance requirement. Jones's argument is misplaced. Even if we found a due process violation in the manner in which the third revocation hearing was convened, Jones has presented nothing but harmless error. *See, e.g., State v. Lenard*, 8th Dist. Cuyahoga No. 93373, 2010-Ohio-81, ¶ 12 (failure to provide written notice of revocation hearing was harmless error).

{¶6} Jones was adequately informed of the terms of his community control and of his requirement to abide by the 11:00 p.m. curfew at the group home. When amending

the terms and conditions of Jones's community control, the trial court notified Jones that any failure to adhere to those terms and conditions would result in his serving the remainder of his original prison term. The trial court also warned Jones that the purpose of ordering him to the group home was so the trial court could monitor whether Jones was

> making good choices. That [he was] not bringing people who would have a bad effect on [him] into the group home. *That [he] can follow the rules*, and that [he]will take [his] medicine. * * * That [he] will not use drugs and alcohol. That [he] will not cause other people to be afraid by spitting on people [(Jones is HIV positive)] and all this stuff.

(Emphasis added.) Tr. 80:3-18. As the trial court further explained, if Jones complied with the terms of his sanctions, the trial court would allow him to live in an unsupervised apartment. Tr. 81:6-12. The trial court reiterated that Jones must "follow rules" before that less-restrictive opportunity was even considered. Tr. 81:6-12. Jones stated that he understood those terms and the consequences of disregarding them. At the third revocation hearing, Jones also acknowledged that the group home communicated its rules, which included the curfew, before he violated it. Thus, Jones conceded that representatives from the group home and the trial court both informed Jones of the consequences of his failure to abide by the curfew.

{¶7} This admission is dispositive. Jones failed to comply with the terms of his community control and has not otherwise proffered any exigent circumstances to mitigate the revocation sanction. The third violation of the terms of his community control is supported by undisputed evidence. As a result, his counsel's performance was not deficient for failing to contest Jones's concession, and any error in the manner in which

the revocation hearing was convened was harmless. Jones's assigned errors are overruled.

**{¶8}** The trial court's finding of a community control sanctions violation is affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

ANITA LASTER MAYS, J., CONCURS;
MELODY J. STEWART, P.J., DISSENTS (WITH SEPARATE OPINION)

MELODY J. STEWART, P.J., DISSENTING:

**{¶9}** At the start of the hearing, the court stated the following on the record:

Mr. Jones, have a seat at the table, please. We're here in Case No. 578090, State of Ohio vs. Thomas Jones. Actually, this case was set for just a status update, but, based on the status update, I've converted it to a violation hearing.

This is the first notice that Jones received that he was in violation of his community control and that there would be a hearing on that violation. "It is well settled that 'before probation can be revoked, a probationer must be afforded both a preliminary hearing and a subsequent final revocation hearing.'" *State v. Guthery,* 4th Dist. Athens No. 04CA20, 2005-Ohio-2137*, ¶* 7, quoting *State v. Boling*, 4th Dist. Athens No. 01CA30, 2001 Ohio App. LEXIS 5822 (Dec. 17, 2001), citing *State v. Qualls*, 50 Ohio App.3d 56, 57, 552 N.E.2d 957 (10th Dist.1988). These requirements also apply to community control termination proceedings. *Boling* at *6, citing *State v. Mynhier,* 146 Ohio App.3d 217, 765 N.E.2d 917 (1st Dist.2001); *State v. Todd*, 3d Dist. Auglaize No. 2-98-25, 1999 Ohio App. LEXIS 1770 (Mar. 29, 1999).

**{¶10}** "Because the revocation of probation entails a serious loss of liberty, a probationer must be accorded due process at the revocation hearing." *State v. Bailey*, 8th Dist. Cuyahoga No. 103114, 2016-Ohio-494, ¶ 9, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Miller*, 42 Ohio St.2d 102, 326 N.E.2d 259 (1975), syllabus. At a minimum, due process requires the defendant be provided:

> (1) written notice of the claimed violations; (2) disclosure of evidence against him; (3) opportunity to be heard and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a "neutral and detached" hearing body; and (6) a written statement by the factfinder of the evidence relied upon and reasons for revocation.

*Bailey* at ¶ 9, citing *State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126, ¶ 26.

{¶11} At the hearing, it was Jones's contention that he was not made aware that his community control sanctions required him to spend each night in the group home. Although the majority states that the court "ordered" Jones to avoid the shelter (colloquially referred to in the transcript as "2100"), this is simply not true. The court stated on the record the following:

> THE COURT: Here is what we talked about, Mr. Jones. You are going to be released. I can't give you a date certain when they have a bed available for you at the group home. You will go to a group home. Not 2100. We think it's in your best interest to be in a group home rather than at 2100. That is not a good place for you to end up.

{¶12} The court then went on to explain that he would remain in jail until he received proper placement in the group home. From the transcript, it is clear that the court never expressly ordered Jones to not spend the night at the shelter (2100). Instead, the court simply expressed its opinion that the shelter was not the best place for him, and for that reason was committing him to the group home. Additionally, the court never stated that Jones would have to spend every night at the group home, nor did it explain to Jones that one of the rules of the group home was that he had to be back by 11:00 p.m. It is true that Jones later found out that the group home required that he be back by 11:00 p.m. in order to stay there overnight, but according to his statements to the judge, he did not understand the mandatory nature of his overnight stay. Indeed, nothing in the record refers to the 11:00 p.m. cutoff as a "curfew," as the majority would like to call it.

{¶13} Nevertheless, rather than affording Jones notice and a proper hearing in which he could potentially defend his actions — which the Ohio and United States

Constitutions provide — the majority deems the court's error as harmless. I fail to see how the court's actions were harmless when the record presents a viable claim that Jones was understandably confused about the terms of his community control. Because of the court's hastiness in converting the status hearing to a termination proceeding without any prior notice, Jones was left with no option but to assert his defense in a beseeching fashion, without any evidence to support his claims. Had Jones been afforded a proper opportunity to present a defense, he may have wished to call the group home manager to corroborate his assertion that he was never told he had to spend every night in the group home, or he might have been able to show that the terms of his community control were never fully explained in the original order committing him to the home. It may be that the trial court would have remained unpersuaded by a defense properly presented with prior notice of the hearing, but Jones was nonetheless entitled to as much. I therefore dissent.