[Cite as *State v. Clark*, 2022-Ohio-2539.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                       CASE NO. 14-22-01

    v.

GREGORY A. CLARK,                       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 18 CR 0108

**Judgment Affirmed**

**Date of Decision: July 25, 2022**

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Andrew M. Bigler* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant, Gregory A. Clark ("Clark"), appeals the December 21, 2021 judgment of the Union County Common Pleas Court sentencing him to consecutive-prison terms following his admission to violating his community control. For the reasons that follow, we affirm.

*Background*

{¶2} In December 2018, Clark pled guilty to one count of grand theft when the property is a firearm or dangerous ordnance, a third degree felony, and one count of breaking and entering, a fifth degree felony. Clark failed to appear for sentencing but was subsequently arrested and sentenced in June 2021 to five years of community control on each count. The terms and conditions of Clark's community control included that he successfully complete the residential program at West Central Community Based Correctional Facility ("West Central"). Clark was notified that any violation of his community control could result in a thirty-six-month prison sentence on the count of grand theft and twelve months on the count of breaking and entering, to run consecutively, for a total prison sentence of forty-eight months.

{¶3} On December 15, 2021, Clark's supervising probation officer filed a Notice of Community Control Violation, alleging that Clark violated the condition of his community control by being "unsuccessfully discharged from West Central

CBCF on December 15, 2021." On December 17, 2021, the trial court ordered that Clark be served with (1) a copy of the notice, (2) an affidavit of indigency, and (3) an explanation of rights as to the alleged community control violation.

**{¶4}** The trial court conducted a community control violation hearing on December 21, 2021. At the hearing, Clark admitted to the alleged violation. Based upon that admission, the trial court found Clark had violated his community control. The supervising probation officer's recommendation was that the trial court impose a prison sentence. Clark's defense counsel argued in mitigation of the sentence, requesting that the trial court continue community control rather than prison, and Clark also spoke to the trial court in mitigation. The trial court then imposed a thirty-month prison term on the offense of grand theft and a ten-month prison term on the offense of breaking and entering, with these terms to be served consecutively to each other, for a total prison sentence of forty months. It is from this judgment that Clark appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred when it accepted Appellant's admission to the violation of his community control before giving Appellant notice at the hearing of the claimed violations.**

**Assignment of Error No. 2**
**The trial court erred when it failed to conduct a separate preliminary hearing and revocation hearing, depriving Appellant the ability to call witnesses to either show he did not violate his community control or that he had mitigating circumstances that showed the alleged violation did not warrant a revocation of his community control.**

**Assignment of Error No. 3**
**Appellant was deprived effective assistance of counsel resulting in**
**Appellant not receiving his right to a full revocation hearing on**
**the community control violation.**

{¶5} For ease of discussion, we elect to combine Clark's first and second assignments of error for our review.

*First and Second Assignments of Error*

{¶6} In his first assignment of error, Clark contends that he was denied due process, when at the hearing on his community control violation, the trial court never inquired of him as to whether he was willing to waive a preliminary probable cause hearing and also failed to apprise him of the "actual grounds" for the alleged violation before taking his admission. (Appellant's Brief at 5). Clark further contends, in his second assignment of error, that the trial court erred when it failed to conduct a separate preliminary hearing and revocation hearing. According to Clark, he did not have an opportunity to present evidence of racial prejudice displayed toward him as a defense to violating his community control, or as his reason for that violation, in mitigation to support a non-revocation. Clark requests this Court to remand the matter for full and complete hearings on the community control violation. The State, however, argues no plain error exists where Clark failed to object to the lack of a second hearing.

*Legal Analysis*

**{¶7}** A defendant under community control is entitled to both a preliminary hearing and a final revocation hearing. *State v. Grow*, 3d Dist. Logan Nos. 8-20-27, 8-20-28, and 8-20-29, 2021-Ohio-641, ¶ 7. The purpose of the preliminary hearing is to determine if probable cause exists to believe the defendant has violated the terms of his community control. *Id.* " 'The purpose of the final revocation hearing is to give the defendant "an opportunity to be heard and to show" that he either did not violate his conditions or that certain mitigating circumstances "suggest that the violation does not warrant revocation." ' " *Id.,* quoting *State v. Knerr*, 3d Dist. Auglaize Nos. 2-14-03 and 2-14-04, 2014-Ohio-3988, ¶ 14, quoting *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593 (1972).

**{¶8}** The due process requirements for revocation hearings further require (1) written notice of the claimed violation; (2) disclosure of the evidence against a defendant; (3) an opportunity to be heard and to present witnesses and evidence; (4) the right to confront and cross-examine witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinder as to the evidence relied upon and reasons for revocation. *Id.* at ¶ 8. *State v. Miller*, 42 Ohio St.2d 102, 104 (1975).

**{¶9}** Crim.R. 32.3, which provides the procedural framework that is to occur at a community-control-revocation hearing, provides, in pertinent part:

(A)   Hearing. The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.

(B)   Counsel. The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.

{¶10} Accordingly, we have reviewed the record to determine whether the trial court complied with the requirements of due process and Crim.R. 32.3.  The record reflects at the commencement of the community control violation hearing held December 21, 2021, the trial court began by reading the violation alleged in the December 15, 2021 Notice.  The trial court then noted that it had issued the journal entry ordering that Clark be served with a copy of the notice of the alleged community control violation and the explanation of rights.  The "explanation of rights" form explained that:

A defendant under community control is entitled to both a preliminary and a final revocation hearing.  The preliminary hearing is a "probable cause" hearing to determine if you, as defendant, violated any terms of your community control.  If the court finds probable cause that you have violated your community control, the court will set the matter for a second hearing to consider evidence and argument on whether or not you should be sent to prison or given another chance on community control.  The court may continue you on community

-6-

control or revoke community control and send you to prison as you were told by the court at the time your sentence was imposed.

(Doc. 58).

**{¶11}** After this, the trial court stated the case was before it for "first hearing." (12/21/21 Tr. at 4). The defense declined to have the trial court give any further explanation of rights in the case, and counsel indicated that Clark intended to admit to the alleged violation of community control. As the record indicates, Clark had a hearing and was represented by counsel when the trial court read the alleged community control violation against him. This Court notes that the alleged violation was that Clark was unsuccessfully discharged from West Central in violation of the requirement that he successfully complete the program at West Central. Accordingly, the record does not support Clark's contention that he was not apprised of the claimed violation of his community control terms.

**{¶12}** Moreover, when questioned directly by the trial court, Clark freely and voluntarily admitted to the community control violation and therefore effectively waived a probable-cause determination by his admission. *See State v. Frazier*, 8th Dist. Cuyahoga No. 104596, 2017-Ohio-470, ¶ 11 ("Appellant, through his attorney, was given an opportunity to address the court and dispute the charges brought against him. Instead, appellant admitted to the violation.").

**{¶13}** We further find no plain error occurred. Clark never objected to the merger of the two hearings or requested a separate revocation hearing. The failure

to object to a due process violation during the revocation hearing waives all but plain error. *State v. Dye*, 4th Dist. Athens No. 16CA17, 2017-Ohio-9389, ¶ 10, citing *State v. Klosterman*, 2d Dist. Darke Nos. 2015-CA-9 and 2015-CA-10, 2016-Ohio-232, ¶ 15; *State v. Allsup*, 3d Dist. Hardin Nos. 6-10-06 and 6-10-07, 2011-Ohio-405, ¶ 30. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *See id.* "An error qualifies as 'plain error' only if it is obvious and but for the error, the outcome of the proceeding clearly would have been otherwise." *State v. Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, ¶ 8, citing *State v. Yarbrough*, 95 Ohio St.3d 227, 245, 2002-Ohio-2126, ¶ 32.

{¶14} The trial court here held both hearings serially in one consolidated hearing, "which is not unusual for courts to do, particularly when the defendant stipulates to violations of community control." *State v. Waddell*, 10th Dist. Franklin No. 14AP-372, 2014-Ohio-4829, ¶ 10, citing *see, e.g., State v. Marvin*, 134 Ohio App.3d 63 (3d Dist. 1999) ("after appellant admitted his violation to the trial court just after commencement of the hearing, the court proceeded to address issues relevant to the final revocation hearing"); *State v. Brown*, 7th Dist. No. 10 MA 34, 2010-Ohio-6603 ("after appellant stipulated to probable cause for the violations and openly admitted that he committed the violations, the trial court proceeded directly to the final revocation hearing"); *State v. Hammonds*, 10th Dist. No. 06AP-1122,

2007-Ohio-4456 ("after the defendant stipulated to probable cause and admitted to community control violations, the trial court proceeded to the mitigation phase of the proceedings"). Insofar as Clark argues on appeal that he had mitigating circumstances, or his reason for the violation, showing that the violation did not warrant revocation of his community control, that information was, in fact, presented at the revocation portion via Clark's own statements and by defense counsel's mitigation argument. After the supervising probation officer read off of Clark's discharge from the residential program, revealing how the incident happened, Clark and his counsel both proceeded to explain the violation in mitigation.

**{¶15}** As other appellate courts have held, oral notice coupled with the complete admission at the preliminary hearing on the violation of sanctions satisfied any due process concerns. *Dye* at ¶ 18; *State v. Jimenez*, 8th Dist. Cuyahoga No. 104735, 2017-Ohio-1553, ¶ 6. It also is relevant that this Court has found similar procedural facts in *State v. Wilhite*, 3d Dist. No. 14-06-16, 2007-Ohio-116, did not rise to the level of plain error when a trial court proceeded to the revocation phase of the proceedings in the same hearing as an admitted violation of community control, reasoning that the defendant was not prejudiced. There, as here, defendant admitted to the violation before the trial court, did not object to the trial court

proceeding to disposition, and made statements in mitigation before being sentenced to a prison term. *Wilhite* at ¶ 9.

**{¶16}** Accordingly, based on the record before us, there was no due process violation in this case, and no plain error. The first and second assignments of error are overruled.

*Third Assignment of Error*

**{¶17}** In his third assignment of error, Clark claims that he was denied the effective assistance of counsel when his counsel failed to request separate community control violation hearings and present evidence in his defense.

*Legal Analysis*

**{¶18}** To establish his ineffective-assistance-of-counsel claims, Clark must show both deficient performance, that his defense counsel's performance fell below an objective standard of reasonable representation, and prejudice. *State v. Blackburn*, 3d Dist. Logan No. 8-21-25, 2022-Ohio-988, ¶ 18-19. " 'To show prejudice, [he] must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.' " *State v. Moll*, 3d Dist. Defiance No. 4-19-17, 2020-Ohio-2784, ¶ 4, quoting *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 95.

**{¶19}** Based on our resolution of Clark's first and second assignments of error, Clark cannot demonstrate that the outcome of his community control

revocation hearing would have been different. Therefore, Clark's defense counsel was not ineffective for failing to challenge the summary nature of the proceedings or the validity of his community control violation admission at his community control violation hearing. *See State v. Jimenez*, 8th Dist. Cuyahoga No. 104735, 2017-Ohio-1553, at ¶ 6 ("oral notice coupled with the complete admission at the preliminary hearing on the violation of sanctions satisfies any * * * effective assistance of counsel concerns"). Additionally, defense counsel was able to present the information regarding Clark's completion progress at West Central, and the allegations Clark made concerning his treatment by others at the facility during the mitigation portion. Thus, his third assignment of error is overruled.

{¶20} Accordingly, for the foregoing reasons, the judgment of the Union County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**