[Cite as *State v. Fountain*, 2023-Ohio-3111.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  13-23-09

      v.

CASEY L. FOUNTAIN,               O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  13-23-10

      v.

CASEY L. FOUNTAIN,               O P I N I O N

      DEFENDANT-APPELLANT.

Appeals from Seneca County Common Pleas Court
Trial Court Nos.  19 CR 0167 and 20 CR 0023

**Judgments Reversed and Cause Remanded**

**Date of Decision:  September 5, 2023**

APPEARANCES:

    *John M. Kahler, II* **for Appellant**

    *Derek W. DeVine* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Casey L. Fountain ("Fountain"), appeals the March 22, 2023 judgment entries of the Seneca County Court of Common Pleas extending her community control. For the reasons that follow, we reverse.

{¶2} On August 15, 2019, the Seneca County Grand Jury indicted Fountain in case number 19CR0167 on Count One of passing bad checks in violation of R.C. 2913.11(B), (F), a first-degree misdemeanor, and Count Two of counterfeiting in violation of R.C. 2913.30(B)(2), (C), a fourth-degree felony. On August 29, 2019, Fountain appeared for arraignment and entered pleas of not guilty to the charges set forth in the indictment.

{¶3} On October 1, 2019, Fountain withdrew her pleas of not guilty and entered a guilty plea, under a negotiated-plea agreement, to Count Two. In exchange for her change of plea, the State agreed to dismiss Count One as well as to a joint-sentencing recommendation. The trial court accepted Fountain's guilty plea, found her guilty, dismissed Count One, and ordered a pre-sentence investigation.

{¶4} On October 30, 2019, the trial court sentenced Fountain (based on the joint-sentencing recommendation of the parties) to two years of community-control sanctions, including that she pay restitution to the Tiffin Fostoria Municipal court, that she pay a supervision fee, and that she pay court costs within one year. (Doc.

-2-

No. 30-31).[1]  Importantly, Fountain did not directly appeal her conviction or sentence.

{¶5} On February 20, 2020, the Seneca County Grand Jury indicted Fountain in case number 20CR0023 on a single count of tampering with evidence in violation of R.C. 2921.12(A)(2), (B), a third-degree felony.  Fountain appeared for arraignment on March 11, 2020 and entered a plea of not guilty to the charge set forth in the new indictment.  On April 7, 2020, Fountain withdrew her plea of not guilty and entered a guilty plea, under a negotiated-plea agreement, to the new indictment.  In exchange for her change of plea, the State agreed to a joint-sentencing recommendation.  That same day, the trial court accepted Fountain's guilty plea, found her guilty, and sentenced her (based on the joint-sentencing recommendation of the parties) to three years of community-control, including that she pay a supervision fee and that she pay court costs within one year.  (Case No. 20CR0023, Doc. No. 15-16).  Once again, Fountain did not directly appeal her conviction or sentence.

{¶6} Also on February 20, 2020, the State filed a motion in case number 19CR0167 requesting that the trial court revoke Fountain's community control for violating the terms of her community-control sanctions.  Following a probable-cause hearing on March 11, 2020, the case proceeded to a final-revocation hearing

---

[1] The trial court filed a nunc pro tunc judgment entry of sentence on November 13, 2019 to correct a clerical error.  (Doc. No. 34).

on April 7, 2020, during which the trial court concluded that Fountain violated the terms and conditions of her community-control sanctions after she "admitted that she violated her terms of community control as alleged * * * ." (Case No. 19CR0167, Doc. No. 43-44). The trial court sentenced Fountain to an additional year of community control with the additional sanctions that she "enter and successfully complete" "the PIVOT drug recovery program," that she serve 90 days in jail, that she pay restitution to the Tiffin Fostoria Municipal Court, and that she pay court costs within one year. (*Id.*). Fountain did not directly appeal the trial court's determination that she violated the terms and conditions of her community-control sanctions or its imposition of additional sanctions.

{¶7} On March 22, 2022, the State filed a motion in the trial court in both cases requesting that Fountain's community control be extended "until November 3, 2023, in order for her to be successfully discharged from the PIVOT drug recovery program for the period of one (1) year (with no issues), before being successfully terminated from probation." (Case No. 19CR0167, Doc. No. 54); (Case No. 20CR0023, Doc. No. 27). That *same* day, the trial court granted the State's motions (without a hearing) after concluding that Fountain "is still in need of supervision" and "needs additional time to have her financial obligations paid in full." (Case No. 19CR0167, Doc. No. 55); (Case No. 20CR0023, Doc. No. 28). Consequently, the trial court continued Fountain's community control in case

number 19CR0167 until October 29, 2024 and continued Fountain's community control in case number 20CR0023 until April 6, 2025.

**{¶8}** On April 21, 2022, Fountain filed her notice of appeal in both cases. This court consolidated the cases for purposes of appeal. Fountain raises two assignments of error for our review, which we will discuss together.

### First Assignment of Error

**The trial court committed reversible error by summarily extending the period of probation previously imposed without prior notice and in the absence of evidence sufficient to warrant the extension.**

### Second Assignment of Error

**The trial court erred and deprived appellant of due process of law as guaranteed by the United States and Ohio Constitutions by extending appellant's probation without adequate prior notice and in the absence of sufficient evidence to justify the extension.**

**{¶9}** In her assignments of error, Fountain argues that the trial court abused its discretion by extending her community control. Specifically, Fountain contends that the trial court abused its discretion by extending her community control because she did not violate the terms and conditions of her community-control sanctions. Further, Fountain argues that "[t]he trial court erred in extending [her] community control without first affording her the basic right to notice and a hearing before doing so." (Appellant's Brief at 12).

*Standard of Review*

{¶10} "A trial court's decision finding a violation of community control will not be disturbed on appeal absent an abuse of discretion." *State v. Ryan*, 3d Dist. Union No. 14-06-55, 2007-Ohio-4743, ¶ 7. *See also State v. Griffin*, 8th Dist. Cuyahoga No. 103112, 2016-Ohio-937, ¶ 12 (noting that courts of appeal review a trial court's decision to extend community control for an abuse of discretion). An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶11} "'A defendant under community control is entitled to both a preliminary and a final revocation hearing.'" *State v. Knerr*, 3d Dist. Auglaize No. 2-14-03, 2014-Ohio-3988, ¶ 14, quoting *State v. Kiser*, 5th Dist. Tuscarawas, No.2008 AP 030014, 2009-Ohio-1337, ¶ 12. "The purpose of the preliminary hearing is to determine if probable cause exists to believe the defendant has violated the terms of his probation or community control." *Id.* "The purpose of the final revocation hearing is to give the defendant 'an opportunity to be heard and to show' that he either did not violate his conditions or that certain mitigating circumstances 'suggest that the violation does not warrant revocation.'" *Id.*, quoting *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593 (1972).

**{¶12}** "This Court has held that although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding. *State v. McKeithen*, 3d Dist. Marion No. 9-08-29, 2009-Ohio-84, ¶ 22. "Therefore, the minimum due process requirements afforded a defendant in a probation revocation proceeding differ from those in a criminal trial." *Id.*

**{¶13}** Importantly, "[b]ecause the revocation of probation entails a serious loss of liberty, a probationer must be accorded due process at [a] revocation hearing." *State v. Jones*, 8th Dist. Cuyahoga No. 102999, 2016-Ohio-2626, ¶ 10, quoting *State v. Bailey*, 8th Dist. Cuyahoga No. 103114, 2016-Ohio-494, ¶ 9. At a minimum, the due-process requirements for revocation hearings include (1) written notice of the claimed violations; (2) disclosure of evidence against him or her; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied on and reasons for revocation. *McKeithen* at ¶ 22.

**{¶14}** Furthermore, "Crim.R. 32.3, which provides the procedural framework that is to occur at a community-control-revocation hearing, provides," in its relevant part, as follows:

> "(A) Hearing. The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except *after a hearing at which the defendant shall be present and*

*apprised of the grounds on which action is proposed*.  The defendant may be admitted to bail pending hearing.

(B)  Counsel.  The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel.  Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant."

(Emphasis added.)  *State v. Clark*, 3d Dist. Union No. 14-22-01, 2022-Ohio-2539, ¶ 9, quoting Crim.R. 32.3(A)-(B).

{¶15} Since a community-control-revocation hearing is not a criminal proceeding, "the State is not required to prove a violation of the terms of community control beyond a reasonable doubt."  *McKeithen* at ¶ 6.  "The State must, instead, show 'substantial' evidence that the offender violated the terms of his community control sanctions."  *Id.*  This court has stated that "'[s]ubstantial evidence is akin to a preponderance-of-the-evidence burden of proof.'"  *State v. Boykins*, 3d Dist. Marion No. 9-14-28, 2015-Ohio-1341, ¶ 21, quoting *State v. Burdette*, 5th Dist. Morrow No. 10-CA-9, 2011-Ohio-4425, ¶ 26, citing *State v. Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353, ¶ 18 (6th Dist.).  "'Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance.'"  *Id.*, quoting *Burdette* at ¶ 26.

**{¶16}** In this case, Fountain argues that the trial court abused its discretion by extending her community control since she "was not given notice of the request or any opportunity to be heard on the request prior to the trial court summarily granting it." (Appellant's Brief at 10). Furthermore, Fountain contends that, even had the trial court afforded her the minimum due process requirements, "the trial court erred in extending [her] community control due to her non-payment of court costs or any other financial sanctions other than fines, and [she] was not ordered to pay any fines." (*Id.*). In response, the State argues that "the trial court was within its discretion to extend the supervision period" "[s]ince costs were still owed," and because "having a hearing on whether a court cost balance is still owed would be a waste of judicial resources." (Appellee's Brief at 6).

**{¶17}** "[U]nder R.C. 2929.15 and R.C. 2929.18, [a trial] court may impose financial sanctions as a condition of community control." *State v. Carpenter*, 5th Dist. Stark No. 2008 CA 00238, 2009-Ohio-4759, ¶ 12. Further, "R.C. 2929.15(B) gives the trial court the ability to extend a period of community control for violation of the conditions of community control." *Id. See also* R.C. 2951.07 ("A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 * * * of the Revised Code, may be extended."). "A trial court, however, need not find a violation in order to extend probation if there exists a rational basis and such extension is within

the limits as prescribed by R.C. 2951.07." *State v. Weston*, 10th Dist. Franklin No. 12AP-607, 2013-Ohio-2426, ¶ 9.

{¶18} Generally, "'[a]n offender's failure to comply with a condition of his community control that requires him to pay costs or fees cannot constitute the basis for revocation of community control or the imposition of the offender's sentence." *State v. Stevens*, 2d Dist. Greene No. 2014-CA-10, 2015-Ohio-1051, ¶ 5, fn. 2, quoting *State v. Estep*, 4th Dist. Gallia No. 03CA22, 2004-Ohio-1747, ¶ 11. However, the records in these cases reveal that the trial court ordered Fountain to pay *restitution* as well as court costs. *See State v. Pickett*, 12th Dist. Warren No. CA2014-09-115, 2015-Ohio-972, ¶ 15 ("It is well-established that the trial court is in the best position to interpret and construe its own orders.").

{¶19} Thus, the trial court may extend the period of Fountain's community control if there exists a rational basis and such extension is within the limits of R.C. 2951.07. *See Weston* at ¶ 10 (concluding "that the trial court had a rational basis for extending [Weston's] probation so that he could complete the sexual offender treatment program"). That is, the trial court may extend Fountain's community control provided that the State presents substantial evidence (at a hearing) that she violated the terms of her community-control sanctions. *See Pickett* at ¶ 20 (concluding that the trial court did not abuse its discretion by "continuing Pickett's community control sanctions for an additional two years after finding he violated

his community control by failing to pay his restitution order in full"). *See also State v. Scott*, 6 Ohio App.3d 39, 41 (2d Dist.1982) (explaining that, when "determining whether failure to make restitution within the original probation period constitutes cause for extending probation and continuing restitution, the trial court should first establish a clear account of exactly how much defendant has paid and what the source of each payment was" and consider the defendant's "employment history during the probationary period, employment status at the time of the extension, prospects for future employment, sources of income, cost of supporting probationer's dependents, and other competing demands on probationer's income").

{¶20} Nevertheless, we disagree with the State and conclude that Fountain is entitled to the minimum due process requirements when facing the extension of her supervision. *See Scott* at 41 (concluding that "[i]f a probationer lacks capacity to pay restitution and has demonstrated a good faith effort during probation, failure to make restitution cannot be cause for extending probation"). *Contra State v. Criss*, 55 Ohio App.3d 238 (8th Dist.1988) (concluding "that the trial court acted within its discretion when it extended [Criss's] probation period without a hearing"). Critically, our review of the records in these cases reveals that Fountain was not only denied the minimum due process requirements when the trial court extended her community control but that she did not waive any such rights. *See, e.g.,*

*Carpenter* at ¶ 16; *State v. Campbell*, 3d Dist. Auglaize No. 2-89-11, 1991 WL 3603, *1 (Jan. 16, 1991).

{¶21} Importantly, the records in these cases reveal that the trial court extended Fountain's community control without a hearing—that is, Fountain was denied the opportunity to be heard and was denied her right confront the witnesses against her. *Accord State v. Flekel*, 8th Dist. Cuyahoga No. 80337, 2002-Ohio-2963, ¶ 24 (emphasizing that "[t]he record indicates that the lower court sua sponte extended the appellant's probation without a probation revocation hearing"); *State v. McGinnis*, 3d Dist. Crawford No. 3-87-19, 1989 WL 116976, *3 (Sept. 29, 1989) (concluding that McGinnis was denied the minimum due process requirements since "he did not have the opportunity to confront and cross-examine the witnesses against him at his revocation hearing"). Likewise, our review of the records in these cases reveals that the State did not serve Fountain with a copy of its requests to extend her community control. *Compare State v. Whitaker*, 2d Dist. Montgomery No. 21003, 2006-Ohio-998, ¶ 19 (concluding that "the State failed to provide [Whitaker] with notice of some of the alleged community control violations that the State asserted at the hearing"). Importantly, "[f]undamental fair play is offended when a period of probation is extended without notice to the defendant." *State v. Simpson*, 2 Ohio App.3d 40, 42 (1st Dist.1981).

**{¶22}** Furthermore, our review of the records in these cases reveals that Fountain did not waive "any rights." *Id.* Indeed, "[a]ny constitutional right may be waived but such waiver must be knowingly, intelligently and voluntarily accomplished." *Id.* Specifically, "[t]here is a presumption against the waiver of constitutional rights and for a waiver to be effective it must be clearly established that there was an intentional relinquishment of a known right or privilege." *Id.* Consequently, based on the facts presented, we conclude that Fountain was deprived of the minimum due process requirements since she was not provided with notice and an opportunity to be heard, afforded her right to confront the witnesses against her, and because there is no evidence that she waived any of these rights.

**{¶23}** Therefore, because Fountain was not provided the minimum due process requirements (i.e., notice and an opportunity to be heard at a hearing), we conclude that the trial court abused its discretion by extending her community control. *See State v. Miller*, 42 Ohio St.2d 102, 106 (1975) (concluding that the trial court "did not provide appellee the minimum due process requirements specified in *Morrissey* at his probation revocation hearing"); *Whitaker* at ¶ 15 (concluding "that the trial court's order purporting to extend both of Whitaker's periods of community control was ineffective"). *See also Carpenter*, 2009-Ohio-4759, at ¶ 15 (noting that the appropriate remedy for a trial court's "failure to provide [a defendant] with notice and a hearing" is "a remand for a hearing").

-13-

**{¶24}** For these reasons, Fountain's assignments of error are sustained.

**{¶25}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgments of the trial court and remand for further proceedings.

*Judgments Reversed and*
*Causes Remanded*

**MILLER, P.J. and WALDICK, J., concur.**

**/jlr**